UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICHARD POLLICK,
an individual,

        Plaintiff,

vs.

KIMBERLY-CLARK CORPORATION,
a Delaware corporation,

        Defendant.

Civil Action No. 1:11 cv 12420

Hon. Thomas L. Ludington

## KIMBERLY-CLARK'S REPLY IN SUPPORT OF MOTION TO DISMISS

Kimberly-Clark moved to dismiss Plaintiff's Complaint because Plaintiff is improperly seeking to protect the idea of diapers that resemble jeans, rather than any particular expression of that idea. Plaintiff's Response admits as much, for it makes plain that he believes he has rights over "diapers designed to resemble jeans." (Plaintiff's Response ("Resp.") at 8.) But the law is clear that he does not, for a diaper designed to resemble jeans is nothing more than a general idea that is not subject to the protection of the copyright laws. At most, Plaintiff has limited rights in any unique or individualized expression of that idea, once all of the common elements are filtered out. Yet nowhere does Plaintiff suggest – beyond the idea of diapers that resemble jeans or those unprotectable elements necessary to express that idea – that Kimberly-Clark's design and his design have any similarities at all.[1] They do not. Plaintiff's Complaint should therefore be dismissed with prejudice and Kimberly-Clark should be awarded costs and attorneys' fees.

---

[1] Curiously, Plaintiff spends the vast majority of the brief arguing that a copyright in a two-dimensional design can be enforced against someone who copies the *authorship* of the design in three-dimensions. (Resp. at 2-9.) Yet this point was never raised by Kimberly-Clark. Rather, the issue is whether Plaintiff's design contains any protectable authorship at all, beyond a generic idea and those common elements necessary to represent it.

**I.     Plaintiff Seeks to Protect the Idea of Diapers that Resemble Jeans.**

Both parties agree that "th[is] [C]ourt must [] filter out elements of the work that are not original, scenes a faire, the indispensable or standard aspects of a work, or *those that follow directly from unprotectable ideas*." (Resp. at 5) (emphasis supplied). Plaintiff thus admits, as he must, that he "is not trying to protect the individual 'generic or otherwise common elements necessary to represent jeans' (i.e., the zippers, buttons, etc.) that are displayed in his copyrighted artwork . . . ." (*Id.* at 8.) As such, Plaintiff asserts that it is his "expression of the idea of diapers that look like denim jeans that is at issue in the current case." (*Id.*) (emphasis removed). But beyond such lip service, Plaintiff does not identify the "expression" he seeks to protect. Instead, Plaintiff repeatedly makes plain that he seeks to protect his idea of a "diaper [designed] to appear as if it is made from jean material. . . ." (*Id.* at 4.)[2] Because Plaintiff seeks to protect the generic idea of "diapers that look like denim jeans," the Complaint must be dismissed as a matter of law.

**II.    Plaintiff Does Not Identify Any Protectable Elements Copied by Kimberly-Clark.**

Plaintiff does not identify a single protectable element of his design that Kimberly-Clark copied. This omission is not surprising, because, beyond the idea of "diapers that look like denim jeans" and those common elements found in all jeans, Plaintiff's design and Kimberly-Clark's design have no similarities at all.[3] They are of a different color, have different stitching, different portrayals of front and back pockets, and different labels.

This is the very issue addressed in *Winfield Collection, Ltd. v. Gemmy Indus., Corp.*, where the Sixth Circuit evaluated two designs embodying the *idea* of a witch crashing into a tree:

---

[2] *See also id.* at 6 ("a diaper that makes it look like a denim jean article" and "a diaper's design that depicts the diaper as being made from jean material"); *id.* at 7 ("a diaper's *appearance* as Diaper Jeans" (emphasis in original)); *id.* at 8 ("diapers designed to resemble jeans").

[3] Plaintiff makes a single conclusory assertion that both designs "contain the same or very similar configurations of stitching." (Resp. at 10.) Yet the way the back pockets are expressed is quite different (beyond, of course, the idea of pockets common to all jeans). Defendants' Motion to Dismiss ("Mot.") at 10.)

> To make its witch seem similar to [defendant]'s requires [plaintiff] to describe the elements of its witch **at a level of generality that is so abstract** as to constitute scenes a faire for witches, or at least ideas rather than expression. [Plaintiff]'s flowing cape, black clothing, bent hat, and perpendicular broom are . . . **too generalized by themselves to warrant protection**, although the particular capes, clothing, hats, or brooms could theoretically be similar enough to constitute infringement. [Plaintiff] loses because, viewing its witch side-by-side with [defendant]'s crashing witch, **the two are not even close to looking the same, apart from the generalized idea** that they are both witches crashing into trees. Their hats, brooms, capes, hair, shoes, and colors are all significantly different.

No. 04-1545, 04-2106, 04-1586, 2005 WL 2077510, at *8 (6th Cir. Aug. 29, 2005) (citation omitted) (emphasis supplied). Though Plaintiff notes that *Winfield Collection* is a controlling authority, he makes no effort to distinguish this binding precedent, nor can he. When viewed through this necessary lens, Plaintiff's and Kimberly-Clark's designs (*i.e.*, their respective *expressions* of the *idea* of a jeans diaper) "are not even close to looking the same, apart from the generalized idea" of diapers that look like jeans.

Plaintiff nevertheless argues that Kimberly-Clark only points out differences in the "unprotectable elements" of the designs (for instance, the pockets, the stitching, the button, and the label) rather than differences between protectable elements. (Resp. at 8.) This response misses the mark. The point in *Winfield Collections* is that Plaintiff cannot rely upon the mere presence of such common elements to establish infringement (*i.e.*, both witch designs had a flowing cape, black clothing and a bent hat). Rather, a Court must look at the unique expression of those common elements to see whether the designs are similar. In other words, Plaintiff's Complaint does not state a claim merely because both designs have pockets, stitching and a back label (like both witch designs in *Winfield Collection* had common elements). This Court must determine – when viewing the precise way in which those common elements have been embodied in the design – whether any similarly exists beyond the idea itself or those elements found in all jeans. Here, it is indisputable that none does.

Apparently recognizing this fatal flaw, Plaintiff grasps at one last straw, suggesting that such generic elements are protectable because "a diaper's design that depicts the diaper as being made from jean material is by no means indispensable or standard to a diaper." (Resp. at 6). This analysis is wrong. *Winfield Collection* made plain that this Court must "filter" the common elements necessary to represent Plaintiff's idea of "diapers designed to resemble jeans," (*id.* at 8), including front and back pockets, a zipper, and a stitched label – that is, the common elements of any idea for a jean. Plaintiff cannot protect the generic or otherwise common elements necessary to represent jeans, even if, as he asserts, the *idea* of diaper jeans is novel or unique. *Winfield Collection* mandates that his idea is unprotectable, as are all of the common elements necessary to express it.

In sum, to survive the present motion, Plaintiff must show that a reasonable juror could plausibly determine that Plaintiff's particular expression of a jean on a diaper, taken as a whole (including how such elements as the pockets, zipper, and label manifest themselves) is substantially similar to Kimberly-Clark's diaper. He has not, and, as such, his claim fails as a matter of law.

**III.   Kimberly-Clark is Entitled to Costs and Attorneys' Fees.**

The Copyright Act provides that a prevailing defendant may be awarded attorneys' fees. (Mot. at 12.) Plaintiff contends such fees are improper here because this Court has not provided "instructive guidance on its claims" and thus Plaintiff does "not have the valuable and controlling guidance of what constitutes a valid claim." (Resp. at 11.) But it is the responsibility of Plaintiff and his counsel (not this Court) to evaluate the claim *before filing suit* to ensure it is reasonable. Moreover, Kimberly-Clark repeatedly pointed out to Plaintiff both before the suit was filed and, importantly, before the motion to dismiss was filed, that his claim was patently

4

unreasonable, for the reasons argued here, and other reasons. As such, costs and attorneys' fees are proper.

**IV.     Conclusion.**

For the reasons set forth above, Kimberly-Clark respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice and award Kimberly-Clark its fees and costs.

DATED:  August 30, 2011                                            Respectfully submitted,

EIMER STAHL KLEVORN & SOLBERG, L.L.P.

By:  /s/Andrew G. Klevorn

| | |
|---|---|
| Susan M. Kornfield (P41071) | Andrew G. Klevorn, IL Bar No. 6194597 |
| BODMAN PLC | Chad J. Doellinger, IL Bar No. 6274824 |
| 201 South Division Street, Suite 400 | 224 South Michigan, Suite 1100 |
| Ann Arbor, Michigan 48104 | Chicago, Illinois  60604 |
| Tel: (734) 930-2488; Fax: (734) 930-2494 | (312) 660-7600; (312) 692-1718 fax |

*Attorneys for Defendant, Kimberly-Clark Corporation*

5

**CERTIFICATE OF SERVICE**

I, Chad J. Doellinger, hereby certify that on this 30th day of August, 2011, I caused a true and correct copy of the foregoing **REPLY IN SUPPORT OF MOTION OF KIMBERLY-CLARK CORPORATION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** and this Certificate of Service (collectively, the "Pleadings") to be filed with the United States District Court for the Eastern District of Michigan Northern Division, through ECF filing, which will send notification of such filing to all counsel of record and that I served the Pleadings on the below listed party by depositing same in the U.S. Mail, postage prepaid, address indicated below:

> Jay M. Schloff, Esq.
> Aidenbaum Schloff and Bloom PLLC
> 6960 Orchard Lake Road, Suite 250
> West Bloomfield, Michigan 48322
> *Counsel for Plaintiff*

>> /s/Chad J. Doellinger
>> Of Eimer Stahl Klevorn & Solberg LLP