UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICHARD POLLICK,

        Plaintiff,

v.

        Case Number 11-12420-BC
        Honorable Thomas L. Ludington

KIMBERLY-CLARK CORP.,

        Defendant.

_____/

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION**

This copyright case involves a dispute between the respective designers of "diaper jeans" and "jeans diapers"; the former alleged the latter committed copyright infringement. On September 23, 2011, the Court issued an opinion and order ruling that Plaintiff Richard Pollick had not stated a claim of copyright infringement. *Pollick v. Kimberly Clark*, --- F. Supp. 2d ----, 2011 WL 4434629 (E.D. Mich. 2011). Plaintiff now moves for reconsideration. ECF No. 16.

"Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). Rather, a motion for reconsideration will be granted only if the moving party has identified a "palpable defect by which the court and the parties" were misled and demonstrates that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h). Here, Plaintiff's motion presents the same issues previously ruled upon by the Court: whether the diapers, when viewed as a whole, are "substantially similar." Plaintiff contends that because the diapers are "thematically related," the Court's point-by-point comparison is palpably defective. For the following reasons, Plaintiff's motion for reconsideration will be denied.

# I

In February 1981, Plaintiff registered a copyright for his "diaper jeans," which are, as the name suggests, diapers designed to resemble jeans. In October 1981, Plaintiff submitted a copy of diaper jeans artwork to Defendant, the manufacturer of Huggies® diapers. Sometime later, Defendant began manufacturing and marketing its Huggies® "jeans diapers," which are also diapers designed to resemble jeans. In June 2011, Plaintiff brought suit alleging copyright infringement. Images of the "diaper jeans" and "jeans diapers" are reproduced below:

**Plaintiff's "Diaper Jeans" (Front)**       **Plaintiff's "Diaper Jeans" (Back)**

   

**Defendant's "Jean Diapers" (Front)**   **Defendant's "Jean Diapers" (Back)**

   

Defendant moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Granting the motion, the Court explained that the Copyright Act protects authors' expressions, but not their ideas, and that although Plaintiff was entitled to protection of his particular expression of jeans as diapers, he was not entitled to exclude all others from manufacturing diapers designed to resemble jeans. Additionally, the Court awarded Defendant attorney fees and costs.

Plaintiff now asks that the Court reconsider its conclusions, reiterating that "the parties' products are thematically [sic] related, and Plaintiff respectfully contends that the Court's point-by-point comparison of the elememts [sic] was insufficient to support an absence of substantial similarltiy [sic]." Pl.'s Mot. Reconsideration 2, ECF No. 16 ("Pl.'s Mot."). Plaintiff further requests the Court reconsider the award of attorney fees and costs.

## II

"Generally," as noted above, "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication."). E.D. Mich. LR 7.1(h)(3). Here, the motion for reconsideration reasserts that Defendant infringed Plaintiff's copyright because "the parties' products share common themes — namely, they each show stitching, a blue color, pockets, belt loops, and an exterior label." Pl.'s Mot. 1; *see also* Pl.'s Resp. Def.'s Mot. Dismiss 10 ("[T]he 'aesthetic appeal' of both parties' concepts is essentially the same — namely, a blue denim-colored diaper containing the appearance of stitching of front and back pockets, a waistline . . . and a middle seam."). Plaintiff's argument is unpersuasive.

As the Court noted in its previous opinion and order, enumerating all of the differences between the parties' works in this case is both inefficient and unnecessary, as a simple visual comparison shows that not only are the diapers not substantially similar, they are substantially different. Nevertheless, a brief review of some of the differences illustrates the wide divergence in their aesthetic appeal. First, the color of the diapers: Plaintiff's diaper comes in two colors, white or light blue; Defendant's comes in one color, dark blue. Second, the pattern of the diapers: Plaintiff's diaper comes in two patterns, flat white or flat light blue; Defendant's comes in one pattern, distressed blue denim. Third, the color of the stitching: Plaintiff's diaper has red stitching; Defendant's has either black or gold stitching. Fourth, the front pockets: Plaintiff's diaper has two pockets, indicated by a straight line and a curved line; Defendant's has three pockets, the larger two pockets indicated by a single curved line and a rivet at the top, and the third, smaller pocket inset within one of the larger pockets and indicated by a gently curving line and a rivet at the top. Fifth, the front fly: Plaintiff's diaper indicates the fly with a single straight line (with no button); Defendant's indicates the fly with a straight line and curved line, a button, and thicker hashed lines representing reinforced stitching. Sixth, the front belt loops: Plaintiff's diaper has none; Defendant's has two, one above each larger pocket with thicker lines representing reinforced stitching. Seventh, the back belt loops: Plaintiff's diaper has none; Defendant's has three with thicker lines representing reinforced stitching. Eighth, the back label: Plaintiff's diaper has an embroidered "Diaper Jeans" on the left side of right pocket; Defendant's diaper has a patch with "Huggies® Little Movers EST. 1975" above the right pocket between the belt loops. And ninth, the back waist: Plaintiff's waist is indicated by a single straight line and

single v-line; Defendant's is indicated by a double straight line and v-line. In sum, the aesthetics of the diapers are not substantially similar — they are, in fact, substantially different.

Arguing against this conclusion, Plaintiff contends: "Where even slight similarities are thematically related, a court should give greater weight to what would otherwise be slight similarities." Pl.'s Mot. 1–2 (citing *Murray Hill Publ'ns, Inc. v. Twentieth Century Fox Film Corp.*, 361 F.3d 312, 324 (6th Cir. 2003)). He further quotes Plaintiff *Murray Hill* for the proposition that courts are "instructed to look at . . . slight similarities holistically." Pl.'s Mot. 2 (quoting *Murray Hill*, 361 F.3d at 324).

Plaintiff is correct that the court must look at all similarities, slight or otherwise, "holistically to determine whether collectively they could prove substantial similarity." *Id*. That is, as noted in the previous opinion and order, a court must "consider the works as a whole." *Pollick*, 2011 WL 4434629, at *4 (quoting *Bridgeport Music, Inc. v. UMG Recordings, Inc.*, 585 F.3d 267, 274 (6th Cir. 2009)).

One relevant consideration to this holistic assessment is whether the works have "thematically related" similarities or mere "random similarities scattered throughout the works." *Murray Hill*, 361 F.3d at 320, 324 (quoting *Litchfield v. Spielberg*, 736 F.2d 1352, 1356 (9th Cir.1984)). Copyright, as its name suggests, protects against unauthorized copying. *See, e.g.*, *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). Random, scattered similarities are less likely to suggest copying to a lay observer than systematic, concentrated similarities.

Of course, Plaintiff does not hold a copyright to the "theme," the general concept, of diapers resembling jeans. He holds a copyright to his particularized expression of a diaper

resembling jeans. *Reyher v. Children's Television Workshop*, 533 F.2d 87, 91 (2d Cir. 1976)) ("It is the expressions of the ideas, not the general concepts, that are to be examined particularly, because ideas themselves and general concepts are not copyrightable."); *see Mattel, Inc. v. Goldberger Doll Mfg. Co.*, 365 F.3d 133, 136 (2d Cir. 2004) ("Mattel's copyright in a doll visage with an upturned nose, bow lips, and widely spaced eyes will not prevent a competitor from making dolls with upturned noses, bow lips, and widely spaced eyes, even if the competitor has taken the idea from Mattel's example, so long as the competitor has not copied Mattel's particularized expression. An upturned nose, bow lips, and wide eyes are the 'idea' of a certain type of doll face. That idea belongs not to Mattel but to the public domain").

In this case, the "jean diapers" and the "diaper jeans" share a general concept — the idea of diapers resembling jeans. And works share superficial similarities incident to this general idea, such as stitching and pockets. When considered as a whole, however, no reasonable observer would conclude that Plaintiff's expression of his "diaper jeans" is substantially similar to Defendant's expression of its "jeans diapers." A reasonable observer would conclude that the two expressions are substantially different.

Likewise unpersuasive is Plaintiff's contention that attorney fees and costs are not appropriate because his complaint was objectively reasonable. As this Court previously explained, at the time the complaint was filed, the law had been long established that Plaintiff's copyright did not confer a broad right to exclude others from producing diapers "designed to resemble jeans" — but a narrow right to prevent others from reproducing Plaintiff's particular expression of diaper jeans. *See Mazer v. Stein*, 347 U.S. 201, 217 (1954); *Mihalek Corp. v.*

*Michigan*, 814 F.2d 290, 294 (6th Cir. 1987) (same). Likewise, as a factual matter, no reasonable observer would find substantial similarities between the two works.

Arguing against this conclusion, Plaintiff cites *Winfield Collection, Limited v. Gemmy Industries, Corp.*, 147 F. App'x 547 (6th Cir. 2005), in which the court reversed an award of attorney fees and costs. *Id*. at 557. In *Winfield*, the plaintiff asserted that the defendant infringed on its two-dimensional design of a witch crashing into a tree with the defendant's production of the three-dimensional figure of a witch who was, again, crashing into a tree. *Id*. at 549. The trial court granted the defendant's motion for summary judgment and attorney fees, holding that the plaintiff's "copyright protection extended only to its witch design, not to the figure crafted from that design." *Id*. at 550. The Sixth Circuit affirmed in part and reversed in part. The court first affirmed the grant of summary judgment to the defendant, ruling that although copyright protection could conceivably extend from a two-dimensional design to a three-dimensional figure, it did not do so in the particular case as two works were "not substantially similar in appearance, which means that [the plaintiff's] copyright infringement claim was properly rejected." *Id*. at 556. The court went on to reverse the award of attorney fees, however, explaining:

> The district court based its decision primarily on the premise that [the plaintiff's] copyright protection was limited to its design, and that [the plaintiff] could not reasonably claim that its two-dimensional design could be substantially similar to [the defendant's] three-dimensional witch. For reasons set out above, this premise was erroneous; [the plaintiff's] copyright protection extended to its constructed witch and photographs of that witch. In addition to this fundamental mistake, the district court also erred in its analyses of access and originality.

*Id*. at 557. In this case, unlike *Winfield*, this Court recognizes that Plaintiff's copyright extends to two- and three-dimensional expressions of his diaper jeans and that Defendant had access to

---

Plaintiff's artwork. The Court concludes, however, that Plaintiff's work is not substantially similar to Defendant's. In fact, it is distinctly dissimilar. Plaintiff's complaint was plainly objectively unreasonable. Moreover, compensating Defendant under the circumstances furthers the purposes of the Copyright Act. Plaintiff, by seeking to exclude others who would further develop the idea of diapers designed to resemble jeans, unreasonably sought to stifle further innovation. Defendant is entitled to reasonable attorney fees and costs.

### III

Accordingly, it is **ORDERED** that Plaintiff's motion for reconsideration (ECF No. 16) is **DENIED**.

Dated: January 5, 2012

> s/Thomas L. Ludington
> THOMAS L. LUDINGTON
> United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 5, 2012.

> s/Tracy A. Jacobs
> TRACY A. JACOBS