UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICHARD POLLICK,

        Plaintiff,

                                            Case Number 11-12420-BC

v.                                            Honorable Thomas L. Ludington

KIMBERLY-CLARK CORP.,

        Defendant.

_____/

**ORDER DENYING DEFENDANT'S PETITION
FOR ATTORNEY FEES WITHOUT PREJUDICE**

      This copyright case involves a dispute between the respective designers of "diaper jeans" and "jeans diapers"; the former alleged the latter committed copyright infringement. On September 23, 2011, the Court issued an opinion and order ruling that Plaintiff Richard Pollick had not stated a claim of infringement and thus granting Defendant Kimberly-Clark Corporation's motion to dismiss. *Pollick v. Kimberly Clark*, --- F. Supp. 2d ----, 2011 WL 4434629 (E.D. Mich. 2011). The Court further ruled that Defendant was entitled to reasonable attorney fees and costs for having to defend against an objectively unreasonable suit. The Court directed Defendant to file supplemental papers enumerating its attorney fees and costs.

      On October 25, 2011, Defendant filed its petition for attorney fees and expenses. ECF No. 17. Requesting $32,054.83, Defendant identifies the basis on which it claims attorney fees, 17 U.S.C. § 505,[1] and attaching an affidavit of counsel, Andrew G. Klevorn. The affidavit enumerates the number of hours spent on the case, as well as the standard billing rates of the five individuals who worked on the case. It does not, however, detail the number of hours spent on

---

[1] This section provides that in a copyright infringement case "the court may . . . award a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505

each aspect of the case, the rate customarily charged by counsel for such work, or the prevailing rate charged in the community for similar services. Rule 54.1.2 of the Local Rules of the Eastern District of Michigan provides in pertinent part:

> A motion for an award of attorneys' fees shall be supported by a memorandum brief as to the authority of the court to make such an award, and as to why the movant should be considered the "prevailing party," if such is required for the award. The motion shall also be supported by an affidavit of counsel setting out in detail the number of hours spent on each aspect of the case, the rate customarily charged by counsel for such work, the prevailing rate charged in the community for similar services, and any other factors which the court should consider in making the award. Within 14 days after filing of the motion, the party or parties against whom the award is requested shall respond with any objections thereto and accompanying memorandum setting forth why the award is excessive, unwarranted, or unjust.

E.D. Mich. L.R. 54.1.2(b). The petition does not comply with the requirements of this rule. Likewise, Defendant does not provide sufficient information for this Court to calculate a "reasonable" attorney fee under the applicable Sixth Circuit precedent, which instructs:

> The primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers. The trial court's initial point of departure, when calculating a reasonable attorney fee, should be the determination of the fee applicant's lodestar, which is the proven number of hours reasonably expended on the case by an attorney, multiplied by his court-ascertained reasonable hourly rate. The trial judge may then, within limits, adjust the lodestar to reflect relevant considerations peculiar to the subject litigation.

*Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (internal citations and quotation marks omitted). The "reasonable hourly rate," in turn, "will largely be governed by the fair market value of the services provided as set by the marketplace of the community, as well as by the attorney's training, background, experience and skill of the individual attorney." *Id*. (citing *Northcross v. Bd. of Educ.*, 611 F.2d 624, 638 (6th Cir.1979)). Absent this information, the Court is unable to fulfill its obligation to "provide a clear and concise explanation of its

reasons for the fee award." *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). Absent this information, therefore, the Court is unable to award the relief requested in the petition.

Accordingly, it is **ORDERED** that Defendant's petition for attorney fees (ECF No. 18) is **DENIED WITHOUT PREJUDICE**.

It is further **ORDERED** that the hearing scheduled for January 11, 2012, at 4:00 p.m. is **CANCELED**.

Dated: January 5, 2012

                                                  s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 5, 2012.

                              s/Tracy A. Jacobs
                              TRACY A. JACOBS