UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICHARD POLLICK,

        Plaintiff,

                                            Case Number 11-12420-BC
v.                                         Honorable Thomas L. Ludington

KIMBERLY-CLARK CORP.,

        Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S RENEWED PETITION FOR ATTORNEY FEES**

This copyright case involves a dispute between the respective designers of "diaper jeans" and "jeans diapers"; the former alleged the latter committed copyright infringement. On September 23, 2011, the Court issued an opinion and order granting Defendant Kimberly-Clark Corporation's motion to dismiss, ruling that Plaintiff Richard Pollick had not stated a claim of infringement. *Pollick v. Kimberly Clark*, 817 F. Supp. 2d 1005, 1012 (E.D. Mich. 2011). The Court further ruled that Defendant was entitled to reasonable attorney fees and costs for having to defend against an objectively unreasonable suit. The Court directed Defendant to file supplemental papers enumerating its attorney fees and costs. Defendant did so. Defendant did not, however, detail the number of hours spent on each aspect of the case, the rate customarily charged by counsel for such work, or the prevailing rate charged in the community for similar services. *See* E.D. Mich. L.R. 54.1.2(b). Accordingly, the Court denied the petition for fees and expenses without prejudice.

On February 2, 2012, Defendant filed a renewed petition for attorney fees and expenses. ECF No. 26. In its renewed petition, Defendant corrects the deficiencies of its prior pleading,

detailing the number of hours billed for each aspect of the case, the rate Defendant's counsel customarily charges for such work, and the prevailing rate charged in the community for similar services. As counsel has expended a little more than one hundred fifty hours on the case, Defendant requests $41,694.24. Plaintiff opposes the petition, asserting that the amount requested is unreasonable. Plaintiff is correct.

This case involved a simple copyright dispute. To succeed, Defendant had to establish that its work did not infringe on Plaintiff's work. Images of the works are reproduced below:

**Plaintiff's "Diaper Jeans" (Front)**   **Plaintiff's "Diaper Jeans" (Back)**

 

**Defendant's "Jean Diapers" (Front)**   **Defendant's "Jean Diapers" (Back)**

 

As the above illustrates, these two works were not substantially similar. They were substantially different. Thus, the complaint was dismissed on a motion brought pursuant to Federal Rule of Civil Procedure 12(b)(6), and Defendant was spared the expense of answering. No discovery was taken. No hearings or court conferences were held. Defendant's counsel has not explained how the investment of one hundred fifty hours in this case is justified.

As detailed below, given the straightforward nature of the legal issues presented and the expertise of Defendant's counsel, forty hours of invested attorney time is justified. Consequently, the fee award will be reduced by three quarters as to each attorney or paralegal working on the case on behalf of Defendant, resulting in a fee award of $10,391.22. Additionally, Defendant is entitled to $129.36 in expenses, resulting in a total award of $10,520.58.

**I**

"In any civil action under this title," the Copyright Act provides, "the court in its discretion may allow the recovery of full costs by or against any party . . . . [T]he court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. To calculate a reasonable attorney fee, the Sixth Circuit instructs, the court should begin by calculating the "lodestar," explaining:

> The primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers. The trial court's initial point of departure, when calculating a reasonable attorney fee, should be the determination of the fee applicant's lodestar, which is the proven number of hours reasonably expended on the case by an attorney, multiplied by his court-ascertained reasonable hourly rate. The trial judge may then, within limits, adjust the lodestar to reflect relevant considerations peculiar to the subject litigation.

*Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (internal citations and quotation marks omitted).  The "reasonable hourly rate," the court elaborates, "will largely be governed by the fair market value of the services provided as set by the marketplace of the community, as well as by the attorney's training, background, experience and skill of the individual attorney."  *Id*. (citing *Northcross v. Bd. of Educ.*, 611 F.2d 624, 638 (6th Cir.1979)).

In this case, Defendant produces affidavits of lead and local counsel in support of the petition.  Lead counsel, Andrew Klevorn, enumerates the roughly eighty hours his firm expended on this case from June 2011, when Plaintiff filed the complaint, until September 2011, when it was dismissed.  *See* Klevorn Aff. ¶ 3 (summarizing hours billed), *attached as* Def.'s Supp. Pet. Ex. 1; *see also* Def.'s Supp. Pet. Ex. 2 (specifically enumerating hours billed in spreadsheet form).  He further tallies the hours expended since that time, with forty-three hours devoted to responding to the motion for reconsideration and about nineteen hours preparing the fee petition.

Local counsel, Susan Kornfield, enumerates the roughly twelve hours her firm has expended from the time the complaint was filed until present.  Additionally, she identifies the "billing rates that generally prevail in the Eastern District of Michigan for attorneys of the quality, skill, and experience necessary to handle a matter of this kind."  Kornfield Aff. ¶ 12, *attached as* Def.'s Supp. Pet. Ex. 3.  She writes: "The rate for a more senior partner is in the range of $400 – $500 per hour, a partner of 15 – 20 years practice in the range of $300 – $380 per hour; a mid-level associate in the range of $185 – $250 per hour; and a legal assistant in the range of $120 – $175."  *Id*.

Plaintiff does not dispute that these represent market rates in this legal community. Instead, he objects that the roughly one hundred fifty hours billed "are not reasonable

expenditures in light of paucity of documents that were filed by Defendant in this matter." Pl.'s Opp'n 3. Plaintiff is correct that the hours billed have not been justified.

This case turned on a single issue: Were the two works substantially similar? It was not a close question. As this Court observed in dismissing the complaint, "a simple visual comparison shows that not only are the diapers not substantially similar, they are substantially different." To be sure, many things appear clearer in retrospect. Conscious of the risk of the hindsight effect, for the reasons discussed below the Court finds that expending more than one hundred fifty hours on this case has not been satisfactorily explained.

Defendant's attorneys are experts in the field of intellectual property law.[1] Because of this expertise, they are able to command significant hourly billing rates.[2] But also because of this expertise, they are able to work more efficiently. *See Van Halen Music v. Foos*, 728 F. Supp. 1495, 1499 (D. Mont. 1999) ("Considering the expertise [that] . . . counsel has in this area, and the fact that [their] efforts are no doubt streamlined by this expertise and the use of research and materials drafted in other cases, the Court finds this amount of time to be excessive.").

---

[1] Mr. Chad Doellinger, who "performed the bulk of the services on this matter" for Defendant, "specializes in intellectual property and commercial litigation." Klevorn Aff. ¶ 2. In addition to his IP litigation specialization, "Mr. Doellinger has written and spoken extensively around the country on intellectual property and is also a Lecturer in Law at the University of Chicago Law School, where he has taught intellectual property seminars since 2003." *Id.* Local counsel, in turn, is the chair of her firm's intellectual property practice group and has nearly thirty years of experience. Like Mr. Doellinger, she also teaches at one of the nation's premier law schools. She "began teaching Copyright Law at The University of Michigan Law School in 1997" and currently teaches "the Advanced Intellectual Property Practice course." Kornfield Aff. ¶ 5.

[2] For example, lead counsel has a standard hourly billing rate of $660. In this case, he billed at an hourly rate of $561. Klevorn Aff. ¶ 3; *see* Kornfield Aff. ¶ 12 (specifying rates customarily charged in the Eastern District); *see generally* Debra Cassens Weiss, *Hourly Billing Rates Continue Upward Climb*, ABA Journal (Mar. 5, 2012) ("Hourly billing rates increased last year, reaching an average of $661 for partners and senior counsel. The average for that group was $639 in 2010 . . . . The average for associates was $445 in 2011."), *available at* http://www.abajournal.com/news/article/hourly_billing_rates_continue_upward_climb_partner_and_senior_counsel_avera/.

The motion to dismiss involved the application of long-settled legal principles to undisputed facts. It did not raise novel issues of law or close questions of fact. In calculating the lodestar amount, a reasonable expenditure on the motion to dismiss is 22.5 hours.

Likewise, the Court finds that the forty-four hours devoted to responding to Plaintiff's motion for reconsideration is also not justified. Under the local rules, a motion for reconsideration will be granted only if the moving party has identified a "palpable defect by which the court and the parties" were misled and demonstrates that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h). As Defendant observed responding to the motion, "Distilled to its essentials, Plaintiff merely re-argue[d] that, because both designs depict diapers that resemble jeans, Kimberly-Clark's design is substantially similar and therefore infringing." Def.'s Resp. Mot. for Reconsideration 1, ECF No. 20. Rebutting this argument required the application of fundamental legal concepts to two baby diapers, which Defendant did with laudable precision. The rebuttal, however, did not require exploring esoteric legal theories or novel questions of law. In calculating the lodestar amount, a reasonable expenditure for responding to the motion for reconsideration is eleven hours.

Finally, the Court finds that the roughly twenty hours expended in preparing the fee petition is similarly not justified. Although the meticulous attention to detail provided in the supplemental papers is appreciated, much of it also reflects information kept in the ordinary course of business to justify the fee to the client. In calculating the lodestar amount, a reasonable expenditure for preparing the attorney fee petition is 4.5 hours.

In sum, for purposes of calculating the lodestar amount, the Court concludes that the proven number of hours reasonably expended on the case by Defendant's attorneys is thirty-eight

hours, one quarter of the hours asserted by Defendant's counsel. Plaintiff does not challenge the hourly rates that Defendant's counsel proffers (from $157.25 for a legal assistant to $561 for lead counsel). And, although these rates are at the high end of the range of fees customarily charged in this locality, the Court finds that the rates are reasonable. Consequently, Defendant is entitled to a fee award of $10,391.22. Additionally, Defendant is entitled to $129.36 in expenses, resulting in a total award of $10,520.58.

## II

Accordingly, it is **ORDERED** that Defendant's petition for attorney fees (ECF No. 26) is **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that Defendant is awarded attorneys fees and expenses in the amount of $10,520.58.


Dated: April 11, 2012

                                              s/Thomas L. Ludington
                                              THOMAS L. LUDINGTON
                                              United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 11, 2012.

                            s/Tracy A. Jacobs
                            TRACY A. JACOBS